aIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                               Case No. 09-10029-JTM

                                         Case No. 16-1254-JTM

Earl R. Francisco, Jr.,

    Defendant.

MEMORANDUM AND ORDER

Defendant Earl R. Francisco, Jr. has moved *pro se* to vacate his sentence as unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Francisco pled guilty to possession of a firearm made from a shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Dkt. 35). Specifically, Francisco possessed a 12 gauge Mossberg shotgun which had been modified into an illegal short-barreled shotgun, which, as he acknowledged in the plea agreement, he used as protection and to further his drug trafficking. (Dkt. 36, at 10). The court sentenced him to 120 months imprisonment. In *Johnson*, the Supreme Court held that the term "crime of violence" as used in residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *See also United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015).

The court will deny the defendant's motion. Francisco's sentence was not enhanced under the ACCA because of prior crimes of violence. Rather, 18 U.S.C. § 924(c)(1)(B)

mandates a sentence of "not less than 10 years" for possession of a short-barreled shotgun in furtherance of drug trafficking. The United States Sentencing Guidelines acknowledge this requirement and also specify a guideline sentence of 10 years. U.S.S.G. § 2K2.4(b).

Because Francisco was convicted and sentenced for possession of an illegal firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), the Supreme Court's discussion of the residual "crime of violence" clause contained in § 924(e)(2)(B) has no application. *See Seaberry v. United States*, 2016 WL 4033284, *1 (W.D. Wis. July 27, 2016) (defendant "sentenced under ... 18 U.S.C. § 924(c)(1)(b), not under 922(g)," was "mistaken in his belief that [*Johnson*] is relevant to his sentence"); *United States v. Cortez-Grande*, 2016 WL 4440256, *2 (S.D. Ohio, Aug. 23, 2016) ("*Johnson* has no application" where defendant convicted of "a drug trafficking crime ... and using a firearm in relation to that crime" under § 924(c)).

The court further determines that the defendant has not made a substantial showing that he has been denied a constitutional right, as 28 U.S.C. § 2253(c)(2) requires. Accordingly, the court will deny a certificate of appealability.

IT IS ACCORDINGLY ORDERED this 29th day of August, 2016, that the defendant's Motion to Vacate (Dkt. 42) is hereby denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE
